**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JUAN SIANEZ and FIDEL REYES ZABALA,** on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | **Case No.** |
| **Plaintiffs,** | ) | |
| | ) | **Judge** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **INDUSTRIAL METAL ENTERPRISE, INC.,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiffs Juan Sianez and Fidel Reyes Zabala, on behalf of themselves and all other persons similarly situated, known and unknown (herein "Plaintiffs"), through their attorneys and for their complaint against Defendant Industrial Metal Enterprise, Inc., (herein "Defendant"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.     This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiffs and other similarly-situated employees overtime wages when they worked more than forty (40) hours in individual work weeks as required by law.

2.     Plaintiffs and other similarly-situated persons are current and former employees of Defendant working as sorters or machine operators. Defendant regularly required Plaintiffs and other similarly-situated employees to work more than forty (40) hours during individual work weeks, but failed to pay them overtime wages at one and one-half times their regular rates.

3.      Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and other similarly-situated employees pursuant to 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as representative Plaintiffs in this collective action are attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, under 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiffs' IMWL claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

**THE PARTIES**

7.      Plaintiff Juan Sianez resides in and is domiciled in this judicial district.

8.      Plaintiff Fidel Reyes Zabala resides in and is domiciled in this judicial district.

9.      Defendant Industrial Metal Enterprise, Inc. is an Illinois corporation operating within this judicial district and located at 901 North Kilpatrick Avenue in Chicago, Illinois.

**FACTUAL BACKGROUND**

10.     Plaintiff Sianez was employed by Defendant as a sorter and as a machine operator from approximately September 2013 until February 2015.

11.     Plaintiff Reyes Zabala was employed by Defendant as a machine operator from approximately October 2013 until February 2015.

12.     Throughout their employment, Defendant purported to pay Plaintiffs on a salary basis.

13.     The amount Plaintiffs were paid varied from pay period to pay period. *See* Paystubs for Plaintiffs Sianez and Reyes Zabala, attached hereto as Exhibit B.

14.     Plaintiffs did not receive a guaranteed minimum amount of pay in any pay period.

15.     Defendant paid Plaintiffs an hourly rate of pay.

16.     As sorters or machine operators, Plaintiffs and other similarly-situated employees were not exempt from the overtime provisions of the FLSA and the IMWL.

17.     Defendant regularly required Plaintiffs and other similarly-situated employees to work approximately (50) hours per week.

18.     Defendant required Plaintiffs and other similarly-situated employees to punch in and out on a time clock at the beginning and end of their work shifts.

19.     Defendant did not pay Plaintiffs and other similarly-situated employees one and one-half times their regular rates of pay for time they worked more than forty (40) hours in individual work weeks.

20.     In addition, although Plaintiffs and other similarly-situated employees were required to report to work on weekdays at 6 a.m., they could not punch in for the start of their shifts until their supervisor arrived.

21.     Plaintiffs' supervisor often arrived late to work.

22.     Defendant did not pay Plaintiffs and other similarly-situated employees any wages for time they were engaged to wait for work on Defendant's premises.

23.     Plaintiffs were employed by Defendant as "employees" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

24.     Plaintiffs were employed by Defendant as "employees" as that term is defined by the IMWL, 820 ILCS 105/3.

25.     Defendant Industrial Metal Enterprise, Inc. is an "enterprise" as that term is defined under the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

26.     In 2012, 2013, and 2014 Defendant's gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

27.     Defendant was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

28.     Defendant was Plaintiffs' "employer" as that term is identified by the IMWL, 820 ILCS 105/3.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action – Plaintiffs on behalf of themselves and other similarly situated)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

29.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* for its failure to pay Plaintiffs and other similarly-situated employees overtime wages for time worked in excess of forty (40) hours during individual work weeks.

30.     During the last three years, Defendant failed to pay Plaintiffs overtime at a rate of one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in individual work weeks.

31.     Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be paid at a rate of one and one-half times their regular rates of pay for all time worked in excess of forty (40) hours during individual work weeks.

32.     In one or more individual work weeks during the last three years, other similarly-situated employees working as sorters or machine operators worked in excess of forty (40) hours

per week for Defendant.

33.     Defendant failed to pay these similarly-situated employees one and one-half times their regular rates of pay when they worked more than forty (40) hours during individual work weeks.

34.     Pursuant to 29 U.S.C. § 207, other similarly-situated employees were entitled to be paid at a rate of one and one-half times their regular rates for all time worked in excess of forty (40) hours during individual work weeks.

35.     Defendant's failure to pay Plaintiffs overtime pay in one or more individual work weeks in which they worked more than forty (40) hours violated the FLSA, 29 U.S.C. § 207.

36.     Defendant's failure to pay overtime pay to similarly-situated employees during one or more individual work weeks in which they worked more than forty (40) hours violated the FLSA, 29 U.S.C. § 207.

37.     Defendant willfully violated the FLSA by failing to pay Plaintiffs and other similarly-situated employees overtime pay when they worked more than forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.      A judgment in the amount of all unpaid overtime wages found due;

B.      Liquidated damages in an amount equal to the unpaid overtime compensation found to be due;

C.      Reasonable attorneys' fees;

D.      Costs incurred in filing this action; and

E.      Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**(Plaintiffs Individually Only)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

38.     This count arises from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

39.     In one or more work weeks during the previous three years, Plaintiffs worked more than forty (40) hours per week for Defendant.

40.     During the previous three years, Defendant failed to pay Plaintiffs overtime compensation at a rate of one and one-half times their regular hourly rates when they worked more than forty (40) hours during individual work weeks.

41.     Pursuant to 820 ILCS 105/4a, for all work weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be paid at a rate of one and one-half times their regular rates of pay for all time worked in excess of forty (40) hours.

42.     Defendant violated the IMWL by failing to pay Plaintiffs one and one-half times their regular rates for all time they worked in excess of forty (40) hours per week.

43.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover overtime wages for up to three years prior to filing this suit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.      A judgment in the amount of all unpaid overtime wages found due;

B.      Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees;

D.      Costs incurred in filing this action; and

E.      Such other and further relief as this Court deems appropriate and just.

Dated:  April 2, 2015

                            Respectfully submitted,


                            s/Douglas M. Werman
                            One of the Attorneys for Plaintiffs


Douglas M. Werman –dwerman@flsalaw.com
Maureen A. Salas- msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Zachary C. Flowerree – zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312-419-1008